## WOOLCOTT *v.* CLIFFORD.

One who has receipted for property is not a competent witness for the defendant in the action on which it has been attached, whether he retains the property in his own hands or has suffered it to pass into the possession of the defendant.

CASE, to recover damages for a false warranty in the sale of a mare.

In the course of the trial the defendant offered Zachariah Clifford as a witness. It appeared that he was the father of the defendant, and had receipted for the property attached on the writ, such as oxen, a wagon, and sleigh, and that the defendant and he resided on the same farm in different houses. The witness swore that the property was in his possession, but that the defendant used it whenever he desired to do so, as well after the attachment as before. The plaintiff objected to the admission of the witness, but he was permitted by the court to testify, and the plaintiff excepted.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside by reason of the alleged error of the court in admitting the evidence. And the question was transferred to this court for determination.

*Quincy,* for the plaintiff.

*Whipple,* with whom was *Perley,* for the defendant.

GILCHRIST, J. There are two grounds on which Zachariah Clifford is an incompetent witness from interest.

First, a receipter who has not the property in his possession is incompetent, because, if he has delivered it to the defendant, he has a direct interest to get a verdict for the defendant in the action in which the attachment was made; because then he is relieved from all liability on his contract

to redeliver the property attached.   Here, from the facts reported, it does not appear that he still retains the property in his possession, but it may be that the defendant has it, as he has been permitted to use it whenever he desired. It is enough that the receipter does not show himself in possession, because that possession, and the balanced interest alleged to be consequent thereon, form the only plausible ground on which to base the position that he has no interest.   But if he has provided by his consent to redeliver the property to the sheriff on demand, he can not put an end to his contract at his pleasure.   That must depend on the sheriff.   He can not discharge himself by a tender of the property to the sheriff.   His liability then continues, and he can not get rid of it.   But if he can by his testimony procure a verdict for the defendant, then he may deliver the property to him and go free.   In the one case, he can put an end to his liability whenever he pleases ; in the other he can not.   This is a direct benefit which he derives from a verdict for the defendant ; and is a sufficient interest to render him incompetent.   One who is under a liability which he can terminate whenever he chooses, is certainly in a much better position than one the existence and duration of whose liability depend upon another ; and Clifford is in the position of one who has an interest to terminate his liability at his pleasure.

The witness was therefore erroneously permitted to testify at the trial, and the verdict must in consequence be set aside and a

*New trial granted.*